## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. |
| VERSUS | 18-42-SDD-EWD |
| HENRY K. RAYBORN | |

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 20, 2018.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                         CRIMINAL ACTION NO.

VERSUS                                           18-42-SDD-EWD

HENRY K. RAYBORN

## REPORT AND RECOMMENDATION

This matter was originally instituted by Criminal Complaint on March 13, 2018.[1] At the initial appearance on the Criminal Complaint, the defendant made an oral motion for a mental competency hearing under 18 U.S.C. § 4241.[2] The government did not object. The Court granted the government's motion for a mental competency hearing under 18 U.S.C. § 4241(a) upon finding there is reasonable cause to believe that the defendant may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, defendant was committed to a facility to be examined by a qualified psychiatrist of psychologist, who was to submit a written report of his or her findings, pursuant to 18 U.S.C. § 4247(c).[3] After the initial appearance on the Criminal Complaint, defendant was indicted,[4] however, no initial appearance was held since defendant had already been committed to an appropriate facility for a mental health evaluation. The mental health evaluation was completed, as ordered, and the written report transmitted to the court.[5]

---

[1] R. Doc. 1.
[2] R. Doc. 6.
[3] R. Doc. 7.
[4] R. Doc. 11.
[5] R. Doc. 14.

After review of the written report and after conducting a competency hearing, the undersigned **RECOMMENDS** that defendant, Henry K. Rayborn, be found competent to proceed in this matter. To the extent this recommendation is adopted, the undersigned **RECOMMENDS** that the matter be referred for initial appearance and arraignment on the Indictment.[6]

**I.    Background**

On March 13, 2018, the undersigned issued a warrant for the arrest of defendant, Henry K. Rayborn, based upon a finding of probable cause to believe Mr. Rayborn had committed the offense of threats against the President of the United States, in violation of 18 U.S.C. § 871. Mr. Rayborn was initially charged by Criminal Complaint[7] and an initial appearance was conducted on the Criminal Complaint on March 14, 2018. At the hearing, counsel was appointed to represent Mr. Rayborn.[8] During the initial appearance, defendant made an oral motion for a mental competency hearing under 18 U.S.C. § 4241. The government did not object. The undersigned granted the government's motion upon finding there is reasonable cause to believe that Mr. Rayborn may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.[9] Accordingly, Mr. Rayborn was committed to a facility to be examined by a qualified psychiatrist of psychologist, who was to submit a written report of his or her findings, pursuant to 18 U.S.C. § 4247(c).[10] The mental health evaluation was

---

[6] R. Doc. 11.
[7] R. Doc. 1.
[8] R. Docs. 5 & 6.
[9] R. Doc. 7. The allegations of the Criminal Complaint were that Mr. Rayborn was transported to Our Lady of the Lake Hospital by the Baton Rouge Police Department for lying down in the middle of a public street and that, at the hospital, Mr. Rayborn reported both homicidal and suicidal ideations, as well as auditory and visual hallucinations. The Criminal Complaint states that Mr. Rayborn told hospital staff he had access to guns and stated that he intended to harm President Trump on at least two occasions. According to the Criminal Complaint, Mr. Rayborn also assaulted one of the hospital staff during this time.
[10] R. Doc. 7.

completed, as ordered, and the written report transmitted to the court.[11]  Upon receipt of the report, a Notice to Counsel was issued advising that a mental competency hearing needed to be scheduled to address the findings contained in the report.[12]  A copy of the report was also sent to counsel for Mr. Rayborn and for the United States.[13]  The mental competency hearing was conducted before the undersigned on August 20, 2018.  Neither party objected to the findings contained in the report, which concluded that Mr. Rayborn is not currently suffering from a mental disease or defect rendering him unable to under the nature and consequences of the proceedings against him or to properly assist in his defense.[14]

## II.     Conclusion and Recommendations

Based upon the opinion and recommendation issued by the forensic evaluator, Dr. Shawn E. Channell, forensic psychologist, and the agreement of the parties, the undersigned **RECOMMENDS** that defendant, Henry K. Rayborn, be found competent to proceed in this matter because he does not appear to be currently suffering from a mental disease or defect rendering him unable to under the nature and consequences of the proceedings against him or to properly assist in his defense.  The undersigned further **RECOMMENDS** that, if this recommendation is adopted, the matter be referred for initial appearance and arraignment on the Indictment.

Signed in Baton Rouge, Louisiana, on August 20, 2018.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] R. Doc. 14.
[12] R. Doc. 15.
[13] R. Doc. 16.
[14] R. Doc. 14, p. 11.  It should be noted that the report states "[M]r. Rayborn's competence is dependent on ongoing medication compliance and abstinence from drugs and alcohol.  Were he to become noncompliant with medication, or relapse to substance use, it is very likely he would experience significant mental health problems which would compromise his competency to proceed." *Id.*