UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. |
| VERSUS | 18-42-SDD-EWD |
| HENRY K. RAYBORN | |

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 22, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. |
| VERSUS | 18-42-SDD-EWD |
| HENRY K. RAYBORN | |

### REPORT AND RECOMMENDATION

On August 10, 2021 a preliminary revocation hearing was held in this matter. At the hearing, the parties made a joint oral motion for a competency hearing regarding the defendant under 18 U.S.C. § 4241.[1] The Court granted the motion for a mental competency hearing under 18 U.S.C. § 4241(a) upon finding there is reasonable cause to believe that the defendant may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, defendant was committed to a facility to be examined by a qualified psychiatrist of psychologist, who was to submit a written report of his or her findings, pursuant to 18 U.S.C. § 4247(c).[2] The mental health evaluation was completed, as ordered, and the Forensic Report was transmitted to the court, where it was filed under seal.[3]

After review of the written report and after conducting a competency hearing, the undersigned **RECOMMENDS** that defendant, Henry K. Rayborn, be found competent to proceed in this matter. To the extent this recommendation is adopted, the undersigned **RECOMMENDS** that the matter be referred for completion of a preliminary revocation hearing on the pending Petition for Warrant or Summons for Offender Under Supervision.[4]

---

[1] R. Doc. 48.
[2] *Id.*
[3] R. Doc. 57.
[4] R. Doc. 46.

I.     BACKGROUND

Defendant Henry K. Rayborn ("Rayborn") pleaded guilty to the offense of threat against the President of the United States, in violation of 18 U.S.C. § 871.  On April 17, 2019, Rayborn was sentenced to a total term of imprisonment of forty-six months, followed by a term of supervised release of three years.[5]  Rayborn's term of supervision began on July 16, 2021.[6]  On August 8, 2021, the United States Probation Office submitted a Petition for Warrant or Summons for Offender Under Supervision (the "Petition"), which alleged that Rayborn violated the Special Condition that, after incarceration, he reside for 6 months, or until released by the probation officer, at ReEntry Development and that he must observe the rules and regulations of that facility.[7] According to the Petition, on August 7, 2021 and August 8, 2021, Rayborn violated the requirements of the ReEntry Development facility as follows: 1) he threatened to rape two female residents of the facility; 2) he took off his clothes and paced around the parking lot of the facility; 3) he threw a chair and punched through one of the windows; 4) and he urinated in the parking lot. At the preliminary revocation hearing, the parties made a joint motion for a mental competency hearing under 18 U.S.C. § 4241.  The undersigned granted the motion upon finding there was reasonable cause to believe that Rayborn may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, particularly based on the allegations in the Petition.[8]  Accordingly, Rayborn was committed to a facility to be examined by a qualified psychiatrist or psychologist, who was to submit a written report of his or

---

[5] R. Doc. 44.  Rayborn was previously ordered to undergo a competency evaluation in this case and was found competent to proceed.  *See* R. Docs. 6, 14, 21 & 23.
[6] R. Doc. 46.
[7] *Id.*
[8] R. Doc. 48.

her findings, pursuant to 18 U.S.C. § 4247(c).[9] The mental health evaluation was completed, as ordered, and the written report transmitted to the court.[10] A competency hearing was held on February 22, 2022.[11] Neither party objected to the conclusion of the Forensic Report that Rayborn "does not appear to be suffering from a severe mental illness or cognitive deficit that interferes with his ability to understand the nature and consequences of the court proceedings against him or to assist properly in his own defense."[12] Although defense counsel expressed concerns about Rayborn's ongoing competency since the Forensic Report conclusion appears to be premised on Rayborn remaining medication-compliant, which has been difficult for Rayborn in the past, the Forensic Report addresses this issue by noting that, should Rayborn "get worse or stop taking his medication, his competency will have to be re-evaluated."[13]

## II. CONCLUSION AND RECOMMENDATIONS

Based upon the opinion and recommendation issued by forensic psychologist, Dr. Alicia Gilbert, and without objection from the parties, **IT IS RECOMMENDED** that Defendant Henry K. Rayborn be found competent to proceed in this matter because he does not appear to be currently suffering from a mental disease or defect rendering him unable to under the nature and

---

[9] *Id*.
[10] R. Doc. 57.
[11] Counsel for the government, defense counsel and Rayborn were present. R. Doc. 60. The parties were advised prior to the hearing that the forensic psychologist who conducted the evaluation could not be present for the hearing and that any party requiring her attendance could seek a continuance of the competency hearing. R. Doc. 59. No party sought a continuance.
[12] R. Doc. 57, p. 25.
[13] The current Forensic Report notes that "Rayborn has a history of both manic and hypomanic episodes depending on how compliant he is with his medication treatment or if he is consuming alcohol at the time. If he is not taking his medications and is drinking heavily, he has a tendency to become manic and psychotic and extremely difficult to manage, sometimes taking as long as a month to reach some sort of stabilization. He has a history of becoming violent, sexually inappropriate, suicidal, homicidal, and completely disruptive … [H]is psychotic symptoms, inappropriate behavior, and delusions are managed well with mediation at this time. R. Doc. 57, p. 22. His prior Forensic Report also noted that Rayborn's competence was heavily dependent on medication compliance and abstinence from drugs and alcohol: "[M]r. Rayborn's competence is dependent on ongoing medication compliance and abstinence from drugs and alcohol. Were he to become noncompliant with medication, or relapse to substance use, it is very likely he would experience significant mental health problems which would compromise his competency to proceed." R. Doc. 14, p. 11.

3

consequences of the proceedings against him or to properly assist in his defense. **IT IS FURTHER RECOMMENDED** that, if this recommendation is adopted, the matter be referred to the undersigned for completion of the preliminary revocation hearing in this matter.

Signed in Baton Rouge, Louisiana, on February 22, 2022.

*Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**